# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: | ) In Proceedings under Chapter 13 |
| | ) |
| Kimberly Clemons, | ) Case No. 12-40208 |
| | ) |
| Debtor. | ) |

## **OPINION**

This matter comes before the Court on creditor Doug Dorries's ("Creditor") objection to the Debtor's claim of a homestead exemption under 735 ILCS 5/12-901 on her Schedule C. The Debtor scheduled real property held in fee simple absolute located in Mt. Vernon, Illinois on her Schedule A. The property's value was listed at $69,543, "based on Jefferson County's 2011 real estate tax bill." The Debtor also scheduled $121,672.27 in secured claims on the real property. This total represents the secured claim of the mortgagee (Bank of America) for $73,500.34 plus the secured claim of the Creditor through a mechanic's lien reduced to judgment totaling $48,171.93. Therefore, regardless of the validity or priority of the Creditor's secured claim, the Debtor does not have any equity in the real property by her own schedules. The Debtor does not dispute that the Creditor holds a mechanic's lien against the real property.

The Creditor objects to the Debtor's claim of a homestead exemption because he believes the mechanic's lien he holds defeats the Debtor's homestead exemption under 770 ILCS 60/3. That statute reads, in pertinent part, "[T]he person furnishing such labor, services, material, fixtures, apparatus or machinery, forms or form work shall have a lien upon such property…and in such cases no claim of homestead right set up by a husband or wife shall defeat the lien given by this Act." This statute is inapplicable to the case at bar. The goal of the statute appears to be to ensure that a mechanic's lien cannot be defeated by artifice, or even an entirely innocent

misunderstanding, between a husband and wife who jointly own property.  The Debtor is not and has not been married at any time relevant to the issue decided here.

The Creditor also argues that the Debtor does not have an interest in the real property for which an exemption may be claimed.  The homestead exemption states, "Every individual is entitled to an estate of homestead to the extent in value of $15,000 *of his or her interest* in a farm or lot of land and buildings thereon… ."  735 ILCS 5/12-901 (emphasis added).

The bankruptcy court for the Southern District of Illinois has previously ruled on a debtor's claim to an exemption despite holding no equity in the property to be exempted.  In *In re Jennings*, the debtors claimed an exemption in a 1980 Chevrolet Impala.  107 B.R. 165, 166 (Bankr. S.D. Ill. 1989).  Neither party disputed that the debtors held no equity in the car.  *Id.*  The Illinois motor vehicle exemption in force at that time allowed an exemption for "the debtor's *interest*, not to exceed $1,200 in value, in any one motor vehicle[.]"  *Id.* (citing Ill.Rev.Stat., ch.110, para. 12-1001(c)) (emphasis in original).  The court in *Jennings* found that the use of the word "interest" indicated that "a debtor may exempt only that interest in property which is owned by him and unencumbered by third party liens."  *Id.*

Here, the Debtor's own schedules indicate a lack of equity in the property.  Further, the Illinois homestead exemption statute includes the same language as that analyzed in *Jennings*, namely, that a debtor may exempt only his or her *interest* in property.  Under *Jennings*, that interest must be an equity interest.  Regardless of whether or not the mechanic's lien trumps the homestead exemption, the Debtor is not entitled to claim an exemption in real property in which she holds no equity.  As noted above, the mortgage lien exceeds the value of the property as scheduled.  The Court does not need to determine whether the Creditor's mechanic's lien is superior to the Debtor's homestead exemption.

For the reasons stated above, the Creditor's objection will be sustained. See order entered this date.

ENTERED: July 5, 2012

/s/ William V. Altenberger
———————————————
UNITED STATES BANKRUPTCY JUDGE/8